UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY Y. MADKINS,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security<br><br>Defendant. | No. 2:14-cv-2750-EFB<br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his applications for a period of disability and Disability Insurance Benefits ("DIB") and Supplemental Security Income under Titles II and XVI of the Social Security Act. Plaintiff has moved for summary judgment ECF No. 15. The Commissioner opposes plaintiff's motion and moves to remand the action pursuant to sentence four of 42 U.S.C. § 405(g). Also pending is the court's December 29, 2015 order to show cause why sanctions should not be imposed for the Commissioner's failure to timely file her motion for summary judgment. ECF No. 22. For the reasons discussed below, the order to show cause is discharged, plaintiff's motion for summary judgment is granted in part, the Commissioner's motion to remand is granted, and the matter is remanded for further proceedings.

/////

1

I.    ORDER TO SHOW CAUSE

On October 8, 2015, the court approved the parties' second stipulation to extend the date for the Commissioner to file her cross-motion for summary judgment and ordered the Commissioner to file her motion by October 26, 2015. ECF No. 20. The Commissioner failed to do so and was ordered to show cause why sanctions should not be imposed for violation of that order. ECF No. 22. Her response to the order to show cause explains that after plaintiff filed her motion for summary judgment, the matter was reassigned to a different Assistant Regional Counsel. ECF No. 24 at 2. The staff responsible for processing the reassignment failed to enter that reassignment into the Social Security Administration's database used for tracking case assignments. *Id*. Complicating that error was the fact that the newly assigned attorney was away from work due to a medical emergency and continuing medical issues. In combination, the result was a failure to attend to the case, including the failure to comply with the court's order. *Id*. at 3. The Office of the Regional Counsel has taken responsibility for the error, apologized for the violation of the order, and has assured the court that steps have been taken to ensure compliance with court orders. ECF No. 24 at 4-5.

In light of these representations, the court will discharge the order to show cause and no sanctions are imposed.

II.   BACKGROUND

Plaintiff filed applications for a period of disability, DIB and SSI, alleging that she had been disabled since April 13, 2008. Administrative Record ("AR") 223-229. Plaintiff's applications were denied initially and upon reconsideration. *Id.* at 117-121, 148-152. On February 4, 2013, a hearing was held before administrative law judge ("ALJ") Evangelina P. Hernandez. *Id.* at 26-76. Plaintiff was represented by counsel at the hearing, at which she and a vocational expert ("VE") testified. *Id.*

On March 7, 2013, the ALJ issued a decision finding that plaintiff was not disabled under sections 216(i), 223(d), and 1614(a)(3)(A) of the Act. *Id*. at 9-20. The ALJ made the following specific findings:

1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2015.

2. The claimant has not engaged in substantial gainful activity since April 13, 2008, the alleged onset date (20 CFR 404.1571 *et seq*., and 416.971 *et seq*.).

 * * *

3. The claimant has the following severe impairments: Degenerative disc disease lumbar spine, bilateral heel spurs, migraine headaches, depression, and obesity (20 CFR 404.1520(c) and 416.920(c)).

 * * *

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

 * * *

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a wide range of light work as defined in 20 CFR 404.1567(b) and 416.967(b). The claimant requires a sit/stand option while working. She can never climb ladders, ropes, or scaffolds. She must avoid moderate exposure to hazardous machinery and unprotected heights. The claimant is limited to simple work as defined in the Dictionary of Occupational Titles as SVP 1 and 2, involving routine and repetitive tasks.

 * * *

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

 * * *

7. The claimant was born on February 25, 1964 and was 44 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date. (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

* * *

11. The claimant has not been under a disability, as defined in the Social Security Act, from April 13, 2008, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

*Id.* at 11-19.

Plaintiff's request for Appeals Council review was denied on September 22, 2014, leaving the ALJ's decision as the final decision of the Commissioner. *Id.* at 1-3.

III.   LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

IV.   ANALYSIS

Plaintiff argues that the ALJ erred by (1) rejecting her treating physicians' opinions; (2) discrediting her testimony; (3) rejecting lay testimony with justification; and (4) failing to

4

consider evidence regarding her chronic pain, migraine headaches, and depression. ECF No. 15 at 7-14.

>A. <u>The ALJ failed to give legally sufficient reasons for rejecting the opinions of plaintiff's treating physicians</u>

Plaintiff first argues that the ALJ failed to provide legally sufficient reasons for rejecting the opinions of her treating physicians, Drs. Rossman and Yabumoto. ECF No. 15 at 7-10.

The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. *Lester*, 81 F.3d at 834. Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual. *Id.*; *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996). To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether (1) contradictory opinions are in the record; and (2) clinical findings support the opinions. An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons. *Lester*, 81 F.3d at 831. In contrast, a contradicted opinion of a treating or examining medical professional may be rejected for "specific and legitimate" reasons that are supported by substantial evidence. *Id.* at 830. While a treating professional's opinion generally is accorded superior weight, if it is contradicted by a supported examining professional's opinion (e.g., supported by different independent clinical findings), the ALJ may resolve the conflict. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)). However, "[w]hen an examining physician relies on the same clinical findings as a treating physician, but differs only in his or her conclusions, the conclusions of the examining physician are not 'substantial evidence.'" *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007).

Dr. Donald Rossman, plaintiff's treating physician, began treating plaintiff on a monthly basis in 2008 in conjunction with a workers' compensation claim. AR 1053-1056. It was Dr. Rossman's opinion that plaintiff could lift 20 pounds occasionally and 10 pounds frequently; sit for less than 2 hours in an 8-hour workday; stand/walk for less than 2 hours in an 8-hour workday; and would need to change positions at will. *Id.* at 1054-1055. He also opined that

5

plaintiff would need to elevate her legs when sitting and take 10 minute unscheduled breaks every 30 to 45 minutes; her pain would constantly interfere with attention and concentration needed to complete simple work tasks; her medication would cause drowsiness; and she would be absent from work more than four days a month due to her impairments. *Id.* at 154-156. He further opined that she was limited in reaching, grasping, and fine manipulation, and she could never twist, stoop, crouch, or climb ladders, but occasionally could climb stairs. *Id.* at 1055-1056.

Plaintiff was also treated by podiatrist Dennis Yabumoto, DPM. Dr. Yabumoto diagnosed plaintiff with heel spurs and resulting pain. *Id.* at 1040. It was his opinion that plaintiff could stand for 30 minutes at one time but less than 2 hours in an 8-hour workday, would need to shift positions at will, take unscheduled breaks during a workday, and elevate her legs above her heart with prolonged sitting. *Id.* at 1050-1051. He also opined that plaintiff would be absent from work one day a month due to her impairments. *Id.* at 1052.

The record also contains an opinion from Dr. A. Resnik, a non-examining physician. Dr. Resnik opined that plaintiff could lift 20 pounds occasionally and 10 pounds frequently; stand and/or walk 4 hours in an 8-hour workday; sit 6 hours in an 8-hour workday; occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; but never climb ladders, ropes, or scaffolds. *Id.* at 111-112.

In assessing plaintiff's residual functional capacity ("RFC"), the ALJ gave substantial weight to Dr. Resnik's opinion, as well as that part of Dr. Rossman's opinion that plaintiff is limited in lifting and carrying and would need to change positions at will. *Id.* at 17. But the ALJ gave little weight to Dr. Rossman's opinion regarding sitting, standing, and walking limitations. *Id.* The ALJ credited Dr. Yabumoto's opinion that plaintiff needed to change positions at will and avoid ladders, but gave the remainder of the opinion little weight. *Id.*

Plaintiff argues that the ALJ erred by rejecting portions of Dr. Rossman and Yobumoto's opinions without providing legally sufficient reasons. ECF No. 15 at 7-10. As the rejected portions of their opinions were contradicted by Dr. Resnik's opinion, the ALJ was required to provide specific and legitimate reasons for giving less weight to these treating source opinions.

/////

As for Dr. Rossman's opinion that plaintiff was limited in sitting, standing, and walking, the ALJ concluded that there were "minimal objective findings such as MRI studies or x-rays that support the limitations, and the doctor appears to simply have accepted without question the claimant's limitations." Plaintiff does not challenge the ALJ's finding that the sitting, standing, and walking limitations are unsupported by objective medical findings. Plaintiff argues, however, that the ALJ failed to address why she rejected numerous parts of Dr. Rossman's opinion, including his opinion that plaintiff's pain would constantly interfere with the attention and concentration needed to complete simple tasks at work; plaintiff could never twist, stoop, crouch, and squat; her medication would cause drowsiness; she would need unscheduled breaks and would be absent from work more than four times a month; and she was limited in fine manipulation, reaching, and grasping. ECF No. 15 at 9.

Although the ALJ summarized Dr. Rossman's opinion, she omitted many of the limitations he assessed. No mention was made of Dr. Rossman's opinion that plaintiff had postural and manipulative limitations, nor did the ALJ discuss Dr. Rossman's opinion that plaintiff experienced constant pain that would interfere with attention and concentration. Although the ALJ did note that Dr. Rossman opined that plaintiff would require frequent 10 minute breaks, she provided no explanation for why this limitation was rejected. Instead, the ALJ simply concluded that Dr. Rossman's opinion that plaintiff was limited in walking, sitting, and standing was unsupported by the medical record, while tacitly rejecting other portions of his opinion. As the ALJ provided no explanation for why such limitations were rejected, she clearly failed to provide specific and legitimate reasons for rejecting Dr. Rossman's opinion.

Plaintiff also contends that the ALJ failed to give adequate reasons for rejecting Dr. Yabumoto's opinion. ECF No. 15 at 9-10. The ALJ provided the following explanation for her dismissive treatment of Dr. Yabumoto's opinion:

> Other than the portion of the opinion suggesting that the claimant be allowed to change positions at will and avoid climbing ladders, the rest of the opinion is given little weight. A podiatrist can give an opinion as to feet problems, but there is nothing in the medical record suggesting the claimant should elevate her feet above heart level while sitting. The doctor is not qualified to given an opinion as to any cardiac issues.

7

AR 17.

That conclusory statement is devoid of any sort of logical reasoning to explain why Dr. Yabumoto's professional opinion lacks merit. The ALJ essentially disregarded Dr. Yabumoto's opinion because he is a podiatrist. However, as a podiatrist Dr. Yabumoto is particularly qualified to give an opinion as to how a foot impairment, such as plaintiff's heel spur, impacts an individual's ability to stand and walk throughout a workday. Furthermore, a review of the RFC questionnaire that Dr. Yabumoto completed demonstrates that he did not give an opinion outside his area of expertise. For example, he left blank portions of the form addressing limitations to upper extremities, *id.* at 1051-1052, which would fall outside a podiatrist's specialty.

The ALJ states the curious conclusion that Dr. Yabumoto is not qualified to provide an opinion as to any cardiac issue. But Dr. Yabumoto did not find that plaintiff was experiencing issues with her heart. He simply confirmed that plaintiff must elevate her feet above her heart level when seated. The logical inference of the limitation noted by Dr. Yabumoto is that plaintiff needs to elevate her legs due to her foot impairments, not that this limitation is necessitated by a cardiac impairment. The ALJ's assumption that Dr. Yabumoto was providing an opinion on a cardiac issue is an unreasonable reading of Dr. Yabumoto's opinion.

Moreover, the Commissioner concedes that the ALJ failed to provide legally sufficient reasons for rejecting Dr. Yabumoto's treating opinion. ECF No. 23 at 7 ("The Commissioner agrees with Plaintiff on one point—that the ALJ did not give sufficient reasons for disagreeing with treating podiatrist Dr. Yabumoto.").

For the reasons stated above, the court finds that the ALJ erred in disregarding Drs. Rossman and Yabumoto's treating opinions.

B. <u>The ALJ failed to provide adequate reasons for discrediting plaintiff's subjective complaint's and third-party statements</u>

Plaintiff also argues that the ALJ failed to provide clear and convincing reasons for rejecting her statements concerning the intensity, persistence and limiting effect of her symptoms and testimony from her aunt. ECF No. 15 at 10-12.

/////

In evaluating whether subjective complaints are credible, the ALJ should first consider objective medical evidence and then consider other factors. *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc). If there is objective medical evidence of impairment, the ALJ may then consider the nature of the symptoms alleged, including aggravating factors, medication, treatment and functional restrictions. *See id*. at 345-347. The ALJ also may consider: (1) the applicant's reputation for truthfulness, prior inconsistent statements or other inconsistent testimony, (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment, and (3) the applicant's daily activities. *Smolen*, 80 F.3d at 1284. Work records, physician and third party testimony about nature, severity and effect of symptoms, and inconsistencies between testimony and conduct also may be relevant. *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997). A failure to seek treatment for an allegedly debilitating medical problem may be a valid consideration by the ALJ in determining whether the alleged associated pain is not a significant nonexertional impairment. *See Flaten v. Secretary of HHS*, 44 F.3d 1453, 1464 (9th Cir. 1995). The ALJ may rely, in part, on his or her own observations, *see Quang Van Han v. Bowen*, 882 F.2d 1453, 1458 (9th Cir. 1989), which cannot substitute for medical diagnosis, *Marcia v. Sullivan*, 900 F.2d 172, 177 n. 6 (9th Cir. 1990). "Without affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be clear and convincing." *Morgan*, 169 F.3d at 599.

The ALJ summarized plaintiff's testimony and statements from disability reports and concluded that plaintiff's allegations were not fully credible. The ALJ found that plaintiff's statements were "exaggerated and inconsistent with the medical evidence." AR 15. She added that "[t]he alleged impairments are not supported by medical records, and characterization of pain is inconsistent with treatment records." *Id.* Thus, the ALJ rejected plaintiff's testimony because it was not supported by the medical evidence of record. Assuming that this conclusion is supported by substantial evidence, this reason alone cannot serve as a basis for discrediting plaintiff's subject complaints. *See Burch*, 400 F. 3d at 681 ("Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider

in his credibility analysis."). Thus, while the ALJ may take account of that factor in conjunction with other reasons, the ALJ did not give any other reason for discounting plaintiff's subjective complaints. Accordingly, the ALJ failed to give legally sufficient reasons for discounting plaintiff's credibility.

Plaintiff also contends the ALJ erred by failing to provide any justification for rejecting the testimony of her aunt, Toni Davis. ECF No. 15 at 13-15. Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he expressly determines to disregard such testimony and gives reasons germane to each witness for doing so. *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). An ALJ must consider this testimony in determining whether a claimant can work. *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1053 (9th Cir. 2006); *see also Smolen*, 80 F.3d at 1288. However, in doing so the ALJ is free to evaluate that testimony and determine the appropriate weight it should be given in the light of the other evidence. To discount the testimony of a lay witness, the ALJ must "give reasons that are germane to each witness." *Id*. at 1053; *see also Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009).

Ms. Davis testified plaintiff's depression causes her to have crying spells for no reason and to isolate herself from others. AR 59-59. She also testified that plaintiff has difficulty walking, requires help with cooking and house cleaning, and that her mental state is not appropriate for a workplace. *Id*. at 60-61.

The ALJ's decision provides a summary of Ms. Davis's opinion, but fails to give any explanation as to why Ms. Davis's testimony regarding plaintiff's depression and walking limitations was rejected. As such, she failed to provide germane reasons for disregarding Ms. Davis's testimony.[1]

### C. Remand for Further Proceedings

"A district court may reverse the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing, but the proper course, except in rare circumstances,

---

[1] As the matter must be remanded for further consideration for the reasons discussed herein, the court declines to address plaintiff's remaining argument.

is to remand to the agency for additional investigation or explanation." *Dominguez v. Colvin*, 808 F.3d 406, 407 (9th Cir. 2015) (internal quotes and citations omitted). "Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits." *Id.*

Here, plaintiff requests that the court remand the matter to the Commissioner for payment of benefits. ECF No. 15 at 14. However, as the ALJ failed to fully consider the opinions by plaintiff's treating physicians, the court finds that remand for further proceedings is the more appropriate remedy.

V.  CONCLUSION

The ALJ failed to apply the proper legal standard. Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment is granted in part;

2. The Commissioner's motion for remand is granted;

3. The matter is remanded for further considerations consistent with this order; and

4. The Clerk is directed to enter judgment in plaintiff's favor.

DATED: March 24, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE