BENJAMIN B. WAGNER
United States Attorney
DEBORAH LEE STACHEL
Acting Regional Chief Counsel
DANIEL P. TALBERT
Special Assistant United States Attorney
    Social Security Administration
    160 Spear Street, Suite 800
    San Francisco, CA 94105
    Telephone: (415) 977-8995
    Facsimile: (415) 977-8873

Attorneys for Defendant

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| KIMBERLY Y. MADKINS, | ) CASE NO. 2:14-cv-02750-EFB |
|---|---|
| Plaintiff, | ) STIPULATION AND ~~PROPOSED~~ ORDER |
| vs. | ) FOR THE AWARD OF ATTORNEY FEES |
| | ) PURSUANT TO THE EQUAL ACCESS TO |
| CAROLYN W. COLVIN, | ) JUSTICE ACT, 28 U.S.C. § 2412(d) |
| Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

    The parties stipulate that, subject to the approval of the Court, that Plaintiff be awarded attorney fees under the EAJA in the amount of SIX THOUSAND EIGHT HUNDRED dollars ($6,800).  This amount represents compensation for all legal services rendered on behalf of Plaintiff, to date, by counsel in connection with this civil action, in accordance with 28 U.S.C. § 2412.

    After the Court issues an order for EAJA fees and expenses to Plaintiff, the government will consider the matter of Plaintiff's assignment of EAJA fees and expenses to Plaintiff's attorney. Pursuant to *Astrue v. Ratliff*, 560 U.S. 586 (2010), the ability to honor the assignment will depend on

Stip. & ~~Prop~~. Order for EAJA Fees    1

whether the fees, expenses are subject to any offset allowed under the United States Department of the Treasury's Offset Program. After the order for EAJA fees and expenses is entered, the government will determine whether they are subject to any offset.

Fees and expenses shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees to be made directly to Jared Walker, pursuant to the assignment executed by Plaintiff. Any payments made shall be delivered to Plaintiff's counsel.

This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees and expenses, and does not constitute an admission of liability on the part of Defendant under the EAJA. Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Plaintiff and/or Plaintiff's counsel may have relating to EAJA attorney fees and expenses in connection with this action.

This award is without prejudice to the rights of Plaintiff's counsel to seek Social Security Act attorney fees under 42 U.S.C. § 406, subject to the offset provisions of the EAJA.

Respectfully submitted April 26, 2016

DATED: April 26, 2016         *s/ Jared Walker*
                              JARED WALKER
                              (as authorized by email)
                              Attorney for Plaintiff

                              BENJAMIN B. WAGNER
                              United States Attorney

DATE: April 26, 2016    By    *s/ Daniel P. Talbert*
                              DANIEL P. TALBERT
                              Special Assistant United States Attorney
                              Attorneys for Defendant

## ORDER

Pursuant to stipulation, it is so ordered.

DATED: April 27, 2016.

_[signature]_
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

Stip. & ~~Prop~~. Order for EAJA Fees                                    2